IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | Civil Action No. 1:21cv1154 (TSE/JFA) ) ) |
| ALPHA OMEGA MECHANICAL, LLC, | ) ) |
| Defendant. | ) ) ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 10). Plaintiffs, Trustees of the United Association National Pension Fund ("National Pension Fund"), seek a default judgment against defendant Alpha Omega Mechanical LLC ("Alpha Omega"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On October 13, 2021, plaintiffs filed this action alleging that Alpha Omega breached a Collective Bargaining Agreement with the United Association Local Union No. 350 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and for injunctive relief. (Docket no. 1). A summons was issued on October 14, 2021 (Docket no. 4), and the summons, complaint, and supporting documents were served on William Russel, Registered Agent of Alpha Omega, on November 19, 2021 (Docket no. 6). In

1

accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due on December 10, 2021, twenty-one (21) days after service of the summons and complaint. Defendant failed to file a responsive pleading in a timely manner. On January 24, 2022, plaintiffs filed their request for entry of default. (Docket no. 8). The Clerk of Court entered default against defendant pursuant to Federal Rule of Civil Procure 55(a) on January 25, 2022. (Docket no. 9).

On February 8, 2022, plaintiffs filed a motion for default judgment, a memorandum in support of the motion for default judgment, and a notice setting a hearing for February 18, 2022 at 10:00 a.m. (Docket nos. 10–12). The motion for default judgment was supported with an affidavit from Toni C. Inscoe and a declaration by John R. Harney. (Docket nos. 11-1, 11-2). The motion for default judgment and supporting papers were served on defendant by mail on February 8, 2022. (Docket nos. 10–12). On February 18, 2022, counsel for plaintiffs appeared at the hearing on the motion for default judgment, and no one appeared on behalf of defendant.

**Factual Background**

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the affidavit and declaration attached as exhibits to the memorandum in support of the motion for default judgment (Docket nos. 11-1, 11-2).

The Trustees of the United Association National Pension Fund are the trustees of a multi-employer employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶ 1). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 350 and defendant. (Compl. ¶ 1). The National Pension Fund is administered in Alexandria, Virginia.

(Compl. ¶ 1). Alpha Omega is a Nevada domestic limited liability company with an office located in Sparks, Nevada, and it transacts business in Nevada as a contractor or subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 2). At all times herein, Alpha Omega was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 2).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 3). Defendant is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 350 ("Collective Bargaining Agreement") establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. (Compl. ¶ 4). Pursuant to the Collective Bargaining Agreement, defendant agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of the defendant covered by the Collective Bargaining Agreement. (Compl. ¶ 5). Plaintiffs claim that defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund for work performed at defendant's request. (Compl. ¶¶ 6, 7). Plaintiffs assert that defendant failed to make contributions for June 2020 and December 2020 through September 2021 in the amount of $88,524.90 pursuant to reports submitted by defendant. (Compl. ¶¶ 7, 8).

Plaintiffs allege that defendant is bound to the Restated Agreement and Declaration of Trust, which provides that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages if payment is not received by the due date. (Compl. ¶¶ 10–11). Furthermore, pursuant

3

to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund. (Compl. ¶ 12).

Plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2), they are entitled to a judgment awarding: (1) unpaid contributions; (2) liquidated damages; (3) interest; and (4) reasonable attorney's fees and costs incurred in this action.[1]

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

---

[1] In Count II of the complaint, plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring defendant to submit timely contributions and remittance reports. (Compl. ¶¶ 13–16). Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment.

## Jurisdiction and Venue

Plaintiffs allege that this court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Plaintiffs state that the plan is administered in Alexandria, Virginia. (Compl. ¶ 1). On November 19, 2021, the summons, complaint, and supporting documents were served in person on William Russel, the registered agent for Alpha Omega. (Docket no. 6). Venue is proper in this court and this court has personal jurisdiction over the defendant because the National Pension Fund is administered within the Alexandria Division of the Eastern District of Virginia, and defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served on Alpha Omega on November 19, 2021. (Docket no. 6). Pursuant to Federal Rule of Civil Procedure 12(a), a responsive pleading was due on December 10, 2021. After defendant failed to file an answer or responsive pleading in a timely manner, plaintiffs requested an entry of default on January 24, 2022. (Docket no. 8). The Clerk of Court entered a default on January 25, 2022. (Docket no. 9).

The undersigned recommends a finding that defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to defendant.

### Liability and Measure of Damages

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant did not file a responsive pleading and is in default, defendant admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, defendant has failed to make required contributions to the National Pension Fund for the months of June 2020 and December 2020 through September 2021. (Compl. ¶¶ 7, 8). ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

6

(C) an amount equal to the greater of —

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit of Toni Inscoe with the memorandum. (Docket no. 11-1). In addition to the affidavit from Ms. Inscoe, the National Pension Fund submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 11-2).

The information contained in the Inscoe affidavit establishes that Alpha Omega has not made the contributions owed for the months of June 2020 and December 2020 through September 2021 in a timely manner. (Inscoe Aff. ¶¶ 5, 6). Alpha Omega owes the National Pension Fund $88,524.90 in unpaid contributions, liquidated damages in the amount of $8,852.49 calculated at the rate of 10% of the total amount owed, and interest in the amount of $10,188.93 calculated at the rate of 12% from the date the payments were due through February 18, 2022. (Inscoe Aff. ¶¶ 6, 10, 11). In addition, the Harney declaration details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of attorney's fees incurred was $2,343.75 for 5 hours of attorney time (at a rate of $285 per hour) and 5.25 hours of paralegal time (at a rate of $175 per hour), and the amount of costs was

$753.29 for the filing fee, service of process fees, and computerized research fees.[2] (Harney Decl. ¶¶ 4–9, App. 1, 2). The undersigned magistrate judge has reviewed the Harney declaration and the supporting documentation and recommends the court find that the amount requested for attorney's fees by the National Pension Fund is reasonable and should be paid by defendant Alpha Omega.[3]

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against Alpha Omega Mechanical, LLC on Count I of the complaint in the **total amount of $110,663.36**, consisting of $88,524.90 for unpaid contributions for June 2020 and December 2020 through September 2021, $8,852.49 for liquidated damages, interest in the amount of $10,188.93 through February 18, 2022, costs of $753.29, and attorney's fees of $2,343.75.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to William Russel, Registered Agent, Alpha Omega Mechanical, LLC, 797 Summer Dr., Sunvalley, NV 89433, and Alpha Omega Mechanical LLC, 135 Coney Island Drive, Sparks, NV 89431, the parties are notified that objections to this

---

[2] The Harney declaration contains a discrepancy in that it states that plaintiffs and counsel have negotiated an hourly fee of $275.00 for attorney time, but Appendix 1 reports an hourly fee of $285.00. (Harney Decl. ¶ 8, App. 1). Plaintiffs' request for $2,343.75 in attorney's fees is consistent with the hourly fee of $285 for attorney time as reflected in Appendix 1.

[3] The Harney declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, since the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the National Pension Fund concerning the reasonableness of these fees as true. The total amount of the fees and costs requested is consistent with fees and costs incurred and awarded by this court in similar cases.

proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 18th day of February, 2022.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia